JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00005-JLS-DFM                                    Date: January 9, 2017
Title: Hongzhi Guan v. Robert L. Jones et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerreo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                     Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

This unlawful detainer action was originally filed by Hongzhi Guan in Orange County Superior Court. Robert L. Jones and Igna Suarez Jones, who appear pro per, purport to remove the present action to this Court. Because the present action was improperly removed, and because the Court lacks subject-matter jurisdiction over it, the Court remands this case to Orange County Superior Court.

The Court may raise the issue of subject matter jurisdiction at any time, *sua sponte*. *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988). For cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court's subject-matter jurisdiction may be premised on the presence of a federal question, or it may be premised on diversity jurisdiction. 28 U.S.C. §§ 1331-1332. As the proponent of the Court's jurisdiction, a removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). To establish federal question jurisdiction, the "federal question must appear on the *face* of a well-pleaded complaint." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992) (emphasis added).

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00005-JLS-DFM                        Date: January 9, 2017
Title: Hongzhi Guan v. Robert L. Jones et al

       Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law. At best, Defendants rely upon a federal defense to a state-law claim. The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded complaint rule"). Therefore, the Court has no federal question jurisdiction.

       Nor does the present action meet the requirements of diversity jurisdiction. The Complaint expressly limits the amount sought to an amount "not exceed[ing] $10,000."

       Because removal was improper and because the Court lacks subject-matter jurisdiction over this action, the Court hereby remands the present action to the Orange County Superior Court, Case No. 30-2016-00974150-CL-UD-HNB.

       **IT IS SO ORDERED.**

                                                                           Initials of Preparer: tg